COMMONWEALTH *vs.* BENJAMIN F. FIELD.
SAME *vs.* SAME.

A recognizance is void, as to both principals and sureties, the condition of which is that two persons, against whom an indictment is pending, shall thereafter appear to answer to the same; although it is stated in the earlier part of the recognizance that the two principals "acknowledged themselves to be severally indebted," " each in the sum " specified, and the sureties " as sureties for each."

The objection that a recognizance taken in a criminal case is void may, in an action upon it, be taken for the first time at the argument in this court, upon exceptions to the finding of the judge before whom the case was tried, without a jury, that the Commonwealth was entitled to recover.

Two actions of contract upon the following recognizance :

" Commonwealth of Massachusetts. Superior court in vacation after January. Essex, ss. Term. A. D. 1862. On this twenty-seventh day of February, A. D. 1862, personally appeared Amos R. Nickerson and Edwin P. Smith as principals, and Benjamin F. Field of Boston and Isaac H. Hazelton of West Newton as sureties, before me, duly authorized hereto, (said Smith and Nickerson being now in the jail in Salem in said county, committed there under a mittimus from said court, for failing to recognize each in the sum of $8000, as ordered by said court on an indictment against them pending therein, numbered 784,) and acknowledged themselves to be severally indebted to

the Commonwealth of Massachusetts in the sums following, to wit: the said Nickerson and Smith each as principal, in the sum of eight thousand dollars, and the said      as sureties for each, in the sum of eight thousand dollars, to be levied on their goods or chattels, lands or tenements, and in want thereof upon their bodies, to the use of the said commonwealth, if default be made in the performance of the condition hereinunderwritten.

" The condition of this recognizance is such, that if said Nickerson and Smith shall appear at the next criminal term of this court, to be held at Newburyport within and for said county on the second Monday of May next, and from day to day during said term of this court, to answer to an indictment pending therein against them for abduction or kidnapping of one Rice, as set forth at large in said indictment, and shall also appear from term to term of this court for the transaction of criminal business, if the same shall be continued, until final judgment shall be rendered thereon and not depart without license, but shall abide the final order, judgment and sentence of the court therein, then this recognizance shall be void : otherwise shall remain in full force and effect. Asahel Huntington, commissioner specially authorized in the premises."

The declaration in the first action sought to charge the defendant as surety of Nickerson, and in the second as surety of Smith. The two actions were tried together, in the superior court, without a jury, before *Brigham,* J., who found the following facts :

At January term 1861 an indictment was found against Nickerson, Smith and Caleb B. Watts, upon which the two former were tried and a verdict of guilty was rendered at January term 1862, to wit, in February 1862. Exceptions were taken, and Nickerson and Smith were ordered each to recognize in the sum of $8000 to appear and answer to said indictment at said January term, and at any subsequent term to which the indictment might be continued ; and Asahel Huntington was authorized to take the recognizance. Upon failure to recognize as ordered, Nickerson and Smith were committed to jail, and the court adjourned without day on the 24th of February, and on the 27th

the above recognizance was taken, and was filed and entered of record in the following May. The exceptions taken as afore‹ said were overruled in March 1863, as to the first count of the indictment; the indictment was continued until May term 1863, when a *nolle prosequi* was entered as to all but the first count, and Nickerson and Smith were called and defaulted on the recog‹ nizance; and the indictment was further continued until October term 1863, when the sureties were called and defaulted on the recognizance.

Upon the foregoing facts, and others not now material, the judge found for the Commonwealth, and the defendant alleged exceptions.

After an argument in this court upon other points, the court directed an argument upon the sufficiency of the recognizance in form.

*J. G. Abbott & D. Saunders, Jr.*, for the defendant.

*S. B. Ives, Jr.*, for the Commonwealth. 1. This question was not raised or passed upon in the court below, and it is too late to raise it now. *Spaulding* v. *Alford*, 1 Pick. 33. *Commonwealth* v. *Stephens*, 14 Pick. 372. *Waters* v. *Gilbert*, 2 Cush. 27. *Wentworth* v. *Leonard*, 4 Cush. 415. *Bickford* v. *Gibbs*, 8 Cush. 154. *Howard* v. *Hayward*, 10 Met. 420. *Batchelder* v. *Batchelder*, 2 Allen, 106. *Pierce* v. *Gray*, 11 Gray, 377. If the objection had been taken sooner, the memorandum of the recognizance might have been amended; and if these exceptions are sustained, it may be amended hereafter. This court, therefore, should not take cognizance of this objection. 2. The recognizance is not open to objection. It recites two several contracts. It recites that each of the principals acknowledged himself to be indebted in the sum specified; and that the sureties were liable as sureties for each. It also recites that the principals were in jail for failing to recognize each in the sum specified. Therefore the condition should be construed by the rule *reddendo singula singulis;* and, by that rule, it is several. It is the same as if the word "respectively" had been inserted in the provision for their appearance. 3. Besides since this recognizance sufficiently

shows the particulars required by Gen. Sts. *c.* 170, § 49, this action should not be defeated. *Commonwealth* v. *Nye,* 7 Gray, 316

DEWEY, J. The recognizance offered in evidence to support this action does not operate to bind the principal Nickerson, or his suret *.* Field. Separate recognizances were ordered to be taken of the two persons, Nickerson and Smith, for their appearance at May term 1862, to answer to an indictment found against them and Caleb B. Watts. This recognizance, as extended and returned by the commissioner, purports to be a joint obligation of the two principals, Nickerson and Smith, binding both for the personal appearance of both, and the condition could only be saved by the appearance of both persons. Nickerson could only be required to recognize with surety for his own personal appearance, and not also for the appearance of his co-defendant in the same indictment.

A recognizance requiring more than is authorized by law is invalid. *Newcomb* v. *Worster,* 7 Allen, 198. This recognizance, being invalid in this form as to the principal, is also invalid as to the surety.

The objection to the legality of this recognizance, in the form in which it is certified, is open upon this bill of exceptions.

Without expressing any opinion upon other questions raised by the defendant, we think, for the cause already assigned, the exceptions must be sustained.

*Exceptions sustained.*